# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GRETCHEN WALTHER, on her own behalf
and on behalf of all others similarly situated,

        Plaintiff,

v.                                              Civil No. 02-1001 WJ/LFG

RADIOSHACK CORPORATION,
SUREWAY INCORPORATED,
FEDERAL WARRANTY SERVICE,
and DOES 1 through 200, inclusive,

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Remand and For Payment of Attorney Fees and Costs, filed September 5, 2002 (**Doc. 12**). The motion asserts that Defendants' removal of this case, premised on diversity jurisdiction under 28 U.S.C. § 1332, is untimely, and in addition, the Court lacks subject matter jurisdiction because there is no showing of the required amount in controversy. Having reviewed the parties' submissions and the applicable law, I find that Plaintiff's motion is well-taken, as the removal notice is untimely. In addition, I find that Plaintiff's alternative basis for dismissal has merit in that Defendants have not demonstrated that Plaintiff's claims satisfy the required jurisdictional amount.

Plaintiff, on behalf of herself and others in her putative class, seeks monetary and injunctive relief against Defendants for allegedly participating in a scheme to sell "worthless" extended service warranties ("ESA's") to customers at an unconscionably high price. The Complaint alleges that sales representatives employed by RadioShack Corporation

("RadioShack") misled consumers into believing that the warranty "extends" for a specified number of years beyond the manufacturers' own warranties (which consumers receive at no cost at time of purchase), when in actuality the ESA's ran concurrently with those free warranties, thus providing no value to the consumer during much of their purported terms.  The Complaint alleges claims for violation of the New Mexico Unfair Practices Act, deceit and negligent misrepresentation, unjust enrichment and conspiracy.

*Legal Standard*

"The petition for removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within thirty days after. . .  the case . . . has become removable."  28 U.S.C. § 1446(b).  A "defect in the removal procedure" is one of two grounds for remand specified in 28 U.S.C. § 1447(c).  A defect in the removal notice, an untimely removal notice, or any "failure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'"  McShares, Inc. v. Barry, 979 F.Supp. 1338, 1341 (D.Kan. 1997) (citing Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995) (quoted case omitted)).

## Discussion

**I.     Timeliness**

Diversity of the individual Defendants is not disputed.  The real issue centers on whether the timing for a petition for removal starts when the first – or last – defendant is served.  The express language of the removal statute offers no guidance.  Instead, courts have relied on "reference to other sources of law" and "judicial glosses" to determine the answer – unsettled

though it is – to the question.[1]  In a multiple defendant lawsuit, all defendants must consent to

removal. This is referred to as the "unanimity rule."  Cornwall v. Robinson, 654 F.2d 685, 686

(10th Cir.1981); Hanrick v. Hanrick, 153 U.S. 192 (1894).

Defendants were all served at different times. RadioShack was served on June 3, 2002;

Sureway was served on July 11, 2002; Federal Warranty on July 18, 2002.[2]  RadioShack did not

opt to remove the case to federal court.  Later-served Defendants Federal Warranty Service

Corporation and Sureway Incorporated (collectively "Federal Warranty") removed the action on

August 13, 2002, more than 70 days after the first Defendant (RadioShack) was served.  Thus,

the question that emerges is whether, under the rule of unanimity, RadioShack's abstention from

filing a petition for removal precludes the later-served Federal Warranty Defendants, who were

served more than 30 days after RadioShack was served, from filing a timely removal.

Courts are split on this issue.  Under the traditional (majority) rule which most courts have

followed, a defendant served after the first-served defendant's removal period cannot remove.

McKinney v Bd. of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir. 1992);[3]

---

[1] See Phoenix Container, L.P. v. Sololoff, 235 F.3d 352, 354 (7th Cir. 2000) (statutes depend for their meaning on external norms).

[2] Plaintiff makes much of the fact that Defendants incorrectly stated on the Notice of Removal that Sureway was served on July 18th instead of July11th.  The error is innocuous and entirely irrelevant to the big picture regarding the 30-day limit for removal petitions, given the date the first Defendant (RadioShack) was served.

[3] McKinney recognized an exception to the rule where a later-served defendant served within the first-served defendant's thirty days has thirty days to decide whether to join in the first defendant's removal notice, in order to protect the later-served defendants from the choice of having to forego removal or join hurriedly in a petition for removal that may expose them to Rule 11 sanctions.  McKinney, 955 F.2d at 926 n.3, cited in Biggs Corporation, 97 F.Supp.2d 1040, 1045 (D.Nev. 2000). However, the application of the first-served rule involving defendants served after the first-served defendant's removal period (as in the present case) remained intact.

Brown v. Demco, Inc. et al., 792 F.2d 478 (5th Cir. 1986); McShares, Inc. v. Barry et al., 979
F.Supp.1338, 1342, n. 2 (D.Kan. 1997) (noting majority of published decisions have found that in
"multi-defendant actions, the thirty-day period for removal commences for all defendants when
service is accomplished on the first-served defendant"); accord, Henderson v. Holmes, 920
F.Supp. 1184 (D.Kan.1996); Ellis v. Group America et al., LH/LFG (D.N.M. April 22, 2002)
(relying on traditional rule and remanding to state court).

Defendants urge the Court to adopt the minority view which has apparently become the
"current trend" adopted by some courts, e.g., the Sixth and Eighth Circuits.  See Brierly  v.
Alusuissse Flexible Packaging, Inc., 184 F.3d 527 (1999); Marano Enterprises of Kansas et al. v.
Z-Teca Restaurants, L.P. et al., 254 F.3d 753 (8th Cir. 2001).  Under this view, the thirty-day
period for removal begins for a particular defendant on the date it was served, as long as the
previously served defendants consent.[4]

After reviewing both lines of cases, I see no reason to depart from the traditional view.
None of the so-called "exceptions" to the unanimity are claimed to apply here,[5] including those

---

[4]  As the court in Morano noted, both views are "susceptible to abuse and have potential
to create inequities."  254 F.3d at 756.  The minority view derives its appeal from the reasoning
set forth in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), which
emphasized the significance of formal service on defendants.  The announcement that a defendant
is not required to take any action in a civil case until proper service is made bolsters the minority
view in that the 30-day clock would start ticking for a defendant only after service was effected.
See also 16 James Wm. Moore et al., Moore's Federal Practice § 107.30[3][a][i]. However, equal
tension on the other side is maintained by the strict construction of the removal statute and the
recognition that a first-served defendant has the option to remove the case initially, or might not
consent to removal.

[5]  The unanimity rule may be disregarded where a non-joining party is an unknown or
nominal party; where a defendant has been fraudulently joined; or when a non-resident defendant
has not been served at the time the removing defendants filed their petition. Balazik v. County of

that fall into a category of "equitable considerations." Henderson, 920 F.Supp. at 1188, n.3

(recognizing possibility of "exceptional circumstances" where later-joined defendant might be

allowed to remove the action after the thirty-day period) (citing Brown, 792 F.2d at 482); see

McShares, 979 FSupp. at 1343, n.2 (equitable considerations appear to be "adequately covered by

one or more of the recognized exceptions to the unanimity rule").

Under the majority rule, plaintiffs arguably could attempt to manipulate the forum by

staggering service on multiple defendants. However, proponents view this possibility as simply an

"operation" of the first-served rule in that it is no more unfair than if a co-defendant opposed the

removal, or was domiciled in the same state as a plaintiff.  Brown, 792 F.2d at 482, cited in

Cohen v. Hoard et al, 696 F.Supp. 564, 566 (D.Kan. 1988); Patel et al v. Moore et al., 968

F.Supp.587, 589 (D.Kan.1997) (assumption is that if first defendant was in favor of removal, he

would have removed the case).  Courts which have subscribed to the first-served rule have found

this view consistent with the sound policy of construing removal jurisdiction narrowly, with any

doubts resolved in favor of remand.  Patel, 968 F.Supp. at 589; Laughlin v. Kmart Corp., 50 F.3d

871, 873 (10th Cir. 1995) (noting presumption against removal jurisdiction); see also, Brown, 792

F.2d at 482 (forum for suit "ought to be settled at some time early in the litigation"); see also

Cohen, 697 F. Supp.at 566 (recognizing exception under facts at bar runs "counter to the policy

of restricting removals to those expressly allowed by statute and to the trend of limiting removal

jurisdiction").

Accordingly, because the removal petition is untimely, the case will be remanded to the

First Judicial District Court in Santa Fe.

---

Dauphin, 44 F.3d 209, 213, n.4  (3d Cir.1995).

**II.     Amount in Controversy**

Removal is defective on another basis as well.   If a plaintiff is not entitled to recover at least $75,000, a federal district court lacks "judicial power" to hear the case. Laughlin, 50 F.3d at 874.  Defendants bear the burden of establishing that the amount in controversy exceeds $75,000.00.  Laughlin, 50 F.3d at 873.  They have not done so in this case.

The sum claimed by the plaintiff controls if the claim is apparently made in good faith. Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  In other words, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 289; State Farm Mutual Automobile Ins. Co. v Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998).  The Complaint was filed on behalf of numerous putative class members. Claims of multiple plaintiffs may be aggregated to satisfy the jurisdictional amount only where the claims are common and undivided and not "separate and distinct."  Snyder v. Harris, 394 U.S. 332 (1969);  Zahn v. Int'l Paper Co., 414 U.S. 291 (1973).  Plaintiffs with separate and distinct claims must each satisfy the jurisdictional amount requirement for suit in the federal courts.  Id.

Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that "recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." (footnote omitted)).  State Farm Mutual Automobile Ins. Co. v Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998) (citing Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir.1973))  Here, although it does not give a precise amount in controversy, the Complaint states that the individual amount in controversy as to *each* Plaintiff does not exceed $74,999.99.  Compl. ¶ 11.  Plaintiff Walther alleges that she purchased her extended warranty contract for $79.00 in connection with her purchase of a $249.00 video disk

player, and that her claims are "typical of the claims of the members of the Class." Compl. ¶ 27.
Such facts are sufficient to convince this Court that the amount placed in controversy by Plaintiff
would not reach the jurisdictional threshold. Further, Defendants do present any facts to rebut
Plaintiff's position.

There is no merit to Defendants' argument that Plaintiff's claims are of a common and
undivided nature such that they may be aggregated in order to satisfy the jurisdictional amount.
Each Plaintiff purchased separate warranty contracts, having different prices and in connection
with independent retail purchases of different consumer electronic items. The contracts were of
the same type, but prior to the instant law suit, each Plaintiff could have sued separately to
enforce their claims. See Aetna Ins. Co. v. Chicago, Rock Isl & Pac. RR Co., 229 F.2d 584, 586
(10th Cir. 1956) (even if complaint is based on a single instrument, claimants may not aggregate
their claims unless they are seeking to "enforce a single title or right in which they have an
undivided interest").

Defendants also argue that the jurisdictional amount is met based on the cost of injunctive
relief and punitive damages. Where class members have separate and distinct claims for injunctive
relief, those claims may not be aggregated to meet the jurisdictional amount. Lonnquist v. J.C.
Penney Co., 421 F.2d 597 (10th Cir.1970), cited in Amundson & Assocs. Art Studio, Std. v.
Nat'l Council on Compensation Ins., Inc., 977 F.Supp. 1116, 1124-25 (D.Kan. 1997) (citing Zahn
and Snyder for the proposition that the entire cost of compliance cannot be attributed to any one
individual class member, but rather should be pro-rated among the class members); Girrens, Inc.
et al. v. Simon DeBartolo Group, Inc. et al., 976 F.Supp. 1399, 1401 (D.Kan.1997). In
injunction cases, the amount in controversy may be established by looking at either the cost to the

defendant or the value to the plaintiff.  <u>Justice v. Atchison, Topeka & Santa Fe Ry. Co</u>., 927 F.2d

503, 505 (10th  Cir. 1991);[6] <u>but see</u> <u>Lonnquist</u>, 421 F.2d at 599 (holding that "it would be

improper to look to [defendants'] total detriment" in determining the amount in controversy)

(citing <u>Snyder v. Harris</u>, 394 U.S. 332 (1969)).

　　　This action involves a class composed of "hundreds of thousands of persons

geographically dispersed" throughout New Mexico and the rest of the country, Compl. ¶ 26 -- an

allegation which Defendants do not dispute.  Thus, affidavits presented by Defendants asserting

that compliance with the injunctive relief sought by Plaintiff would not only meet the jurisdiction

requirement of $75,000 but actually exceed one million dollars, still are insufficient to

demonstrate that the requested injunctive relief meets the jurisdictional threshold amount per

Plaintiff.[7]

## III.　　Attorney Fees and Costs

　　　Plaintiff's request attorneys' fees and costs associated with Defendants' improper removal.

<u>See</u> §28 U.S.C.  1447(c) ("An order remanding the case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the removal.");  <u>Wakefield v.

Olcott</u>, 983 F.Supp. 1018, 1021-22 (D.Kan. 1997).  Such an award is discretionary with the

Court, and bad faith need not be shown.  <u>Suder v. Blue Circle, Inc</u>., 116 F. 3d 1351, 1352 (10th

---

　　　[6]  Aggregation was allowed in <u>Justice</u> because, unlike the instant situation, plaintiffs'
claims were found to be common and undivided.  <u>See</u> <u>Girrens, Inc. et al. v. Simon DeBartolo
Group, Inc. et al.</u>, 976 F.Supp. 1399, 1401 (D.Kan. 1997).

　　　[7]  To demonstrate, one million dollars divided among one hundred thousand plaintiffs falls
painfully short of the required amount in controversy.  Also, I agree with Plaintiff that
Defendants' characterization of the nature and scope of the requested relief does appear inflated
beyond what Plaintiff is seeking.

Cir. 1997). However, because Defendants' removal petition was based on a reasonable argument, and arguably sound legal basis, I decline to grant Plaintiff's request.  See Cohen, 696 F. Supp. at 566 (court hesitant to punish defendant with imposition of costs where removing defendant raised "novel and reasonable" argument).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Remand and For Payment of Attorney Fees and Costs **(Doc. 12)** is hereby GRANTED IN PART AND DENIED IN PART in that (1) the above-captioned case is REMANDED to the First Judicial District Court, County of Santa Fe, State of New Mexico; and (2) Plaintiff's request for attorney fees and costs are DENIED;

**IT IS FURTHER ORDERED** that no rulings will be made on pending motions that remain in this case, based on the disposition of the case.

_____
UNITED STATES DISTRICT JUDGE

9